# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>USA GYMNASTICS,[1]<br><br>          Debtor. | Chapter 11<br><br>Case No. 18-09108-RLM-11 |
| USA GYMNASTICS,<br><br>          Plaintiff,<br><br>v.<br><br>GEDDERTS' TWISTARS USA GYMNASTICS CLUB, INC., TWISTARS USA, INC., JOHN GEDDERT, KATHRYN GEDDERT, DONALD PETERS, SOUTHERN CALIFORNIA ACRO TEAM, INC., BMK PARTNERS LTD, BMK TRAINING FACILITIES, LTD., KAROLYI TRAINING CAMPS, LLC, KAROLYI'S ELITE, KAROLYI WORLD GYMNASTICS INC., BELA KAROLYI, MARTHA KAROLYI, RICHARD CARLSON, and WORLD SPORT CHICAGO,<br><br>          Defendants. | Adversary Case No. 19-50075 |

## **PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiff USA Gymnastics (the "**Debtor**" or "**USAG**" or "**Plaintiff**") respectfully moves, pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, for the entry of a preliminary injunction staying Gedderts' Twistars USA Gymnastics Club, Inc., Twistars USA, Inc., John Geddert, and Kathryn Geddert (collectively, the "**Twistars Stay Defendants**"),

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

Donald Peters ("**Peters**"), Southern California Acro Team, Inc. ("**SCATS**"), BMK Partners LTD, BMK Training Facilities, Ltd., Karolyi Training Camps LLC, Karolyi's Elite, Karolyi World Gymnastics Inc., Bela Karolyi, and Martha Karolyi (collectively, the "**Karolyi Stay Defendants**"), Richard Carlson ("**Carlson**") and World Sport Chicago ("**WSC**" and with the Twistars Stay Defendants, Peters, SCATS, the Karolyi Stay Defendants, and Carlson, the "**Stay Defendants**") from the prosecution and defense of certain lawsuits identified in the Complaint. (*See* Adv. Dkt. 1.) In support of this Motion, Plaintiff submits its Memorandum of Law and the Declaration of Christopher J. Schneider.

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

**A. The Lawsuits Against USAG.**

2. Prior to the Petition Date, USAG was named as a defendant in over 100 different lawsuits in connection with sexual crimes committed by Larry Nassar. These lawsuits allege various claims against USAG including, *inter alia*, negligent hiring, negligent retention, negligent supervision, negligent failure to warn, train, or protect, intentional infliction of emotional distress, fraud, and violations of the Racketeering Influenced Corrupt Organizations Act.

3. In certain of these lawsuits, plaintiffs also named the Stay Defendants as co-defendants (the "**Stay Defendants' Lawsuits**"). Attached hereto as Exhibits A-E are lists of the Lawsuits naming: (a) the Twistars Stay Defendants; (b) the Karolyi Stay Defendants; (c) SCATS and Peters, respectively; (d) Carlson; and (e) WSC, which exhibits are incorporated herein by reference.

4. These Lawsuits are now stayed as to USAG by operation of 11 U.S.C. § 362(a), but are not stayed as to the Stay Defendants.

5. On April 30, 2018, the Twistars Stay Defendants tendered their defense of the Twistars Stay Defendants' Lawsuits and sought indemnification under USAG's insurance policies issued by Combined Specialty Insurance Company/Virginia Surety Company, Great American Insurance Group and K&K Insurance Group, Inc. *See* Exhibit F hereto, which exhibit is incorporated herein by reference.

6. On April 20, 2018, the Karolyi Stay Defendants filed a lawsuit against USAG in Walker County Texas alleging that they were entitled to full and complete indemnification from USAG for any claims raised in the Karolyi Stay Defendants' Lawsuits. *See* Exhibit G hereto at 22-24, which exhibit is incorporated herein by reference. The Karolyi Stay Defendants allege that they are named as additional insureds under USAG's insurance policies and that not all of their defense costs have been reimbursed, allegedly giving rise to a direct claim against USAG for these costs and any liabilities arising out the Karolyi Stay Defendant Lawsuits. *Id*. The Karolyi Stay Defendants further allege that they are owed indemnification by USAG pursuant to USAG's by-laws. *Id*. Finally, the Karolyi Stay Defendants contend that they are owed indemnification pursuant to an indemnification provision in the Olympic Training Site Facility

Designation License and Use and Access Agreement between certain Karolyi Stay Defendants, USAG, and the US Olympic Committee.

7. Stay Defendant Peters was a former head coach of the 1984 United States Olympic Gymnastics team and operated SCATS. The other Stay Defendants may have, on information and belief, made claims against USAG's insurance policies and may make claims for indemnification against USAG.

8. As a practical matter, if the Stay Defendants' Lawsuits continue USAG will most likely be required to participate so as to protect its interests, thereby negating the benefits of the automatic stay and taking away the breathing room afforded to USAG to attempt to negotiate a consensual settlement and chapter 11 plan. If these Stay Defendants' Lawsuits proceed, it is highly likely that plaintiffs in those cases will seek discovery from USAG, thereby diverting USAG's resources and employees and depriving USAG of the breathing room that the automatic stay provides. Further, counsel for many of the plaintiffs stated in a letter dated December 12, 2018, that in his view "continuing discovery, challenging pleadings, and engaging in other litigation will infringe upon the rights of USAG...." *See* Exhibit H hereto. On February 1, 2019, that same counsel representing plaintiffs in certain of the Twistars Stay Defendants' Lawsuits threatened to seek relief from the automatic stay in the Twistars Stay Defendants' Lawsuits, contending that motions the Twistars Stay Defendants had filed implicated USAG's defenses in those Lawsuits. *See* Exhibit I hereto. While USAG disputes certain of the allegations in this letter, the point is that if the Stay Defendants' Lawsuits proceed, it is highly probable that USAG will be required to participate and/or actively monitor these lawsuits to ensure that USAG's rights and defenses are not adversely affected.

9. Recognizing the inter-relationship between the claims against USAG and the various parties named as co-defendants with USAG, the vast majority of plaintiffs and certain of the co-defendants in pending litigation have agreed to the Court's issuance of an injunction under section 105(a) of the Bankruptcy Code staying certain litigation as to all parties during the pendency of USAG's chapter 11 case subject to the right to terminate that agreement after notice and subject to USAG's right to seek to extend the stay. (*See* Case No. 18-09108, Dkt. 370.)

10. Although the plaintiffs in the Stay Defendants' Lawsuits have agreed to a stay of the Lawsuits, the Stay Defendants have refused to agree to a stay of the Stay Defendants' Lawsuits.

**B.    USAG's Restructuring Prospects.**

11. Once the Lawsuits are enjoined, USAG will have a straightforward path to reaching a full and fair settlement and confirming a chapter 11 plan. Once the deadline for filing claims expires on April 29, 2019, USAG and the Sexual Abuse Survivors Committee anticipate that USAG, the Sexual Abuse Survivors' Committee, sexual abuse survivors, USAG's insurance carriers and others will engage in a court-approved mediation process that will hopefully result in a consensual plan of reorganization.

12. However, for the reasons set forth more fully in USAG's Memorandum of Law, the continued prosecution and defense of the Stay Defendants' Lawsuits endangers USAG's restructuring effort by threatening to deplete and dilute the assets available for distribution to USAG's creditors and by threatening the ability of USAG to reach a consensual plan of reorganization.

**RELIEF REQUESTED**

13. By this Motion, Plaintiff respectfully requests the issuance of a preliminary injunction under section 105(a) of the Bankruptcy Code and Rule 7065 of the Federal Rules of

5

Bankruptcy Procedure staying the continued prosecution and defense of the Stay Defendants' Lawsuits through a final hearing on the Plaintiff's adversary complaint.

## NOTICE AND BOND

14. Pursuant to Rule 7065 no bond is required for the entry of the preliminary injunction because the movant is the Debtor.

15. USAG has provided notice of the hearing on this Motion to each of the Defendants and their counsel of record in the Stay Defendants' Lawsuits. Pursuant to Local Rule 7065-1, a copy of the Adversary Complaint is attached hereto as <u>Exhibit J</u>.

WHEREFORE, Plaintiffs respectfully request entry of an order: (i) staying or enjoining the Stay Defendants' Lawsuits pursuant to section 105(a) of the Bankruptcy Code until a final hearing on the Trustee's adversary complaint; and (ii) granting such other and further relief as is just and proper.

Dated: March 29, 2019

Respectfully submitted,

**JENNER & BLOCK LLP**

By: <u>/s/ *Catherine Steege*</u>

Catherine L. Steege (admitted *pro hac vice*)
Dean N. Panos (admitted *pro hac vice*)
Melissa M. Root (#24230-49)
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
csteege@jenner.com
dpanos@jenner.com
mroot@jenner.com

*Counsel for the Debtor*