UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| USA GYMNASTICS,[1] ) | |
| ) | Case No. 18-09108-RLM-11 |
| Debtor. ) | |
| ) | |
| ------------------------------------------------------) | |
| USA GYMNASTICS, ) | |
| ) | |
| Plaintiff, ) | Adv. Proceeding No. 19-50075 |
| ) | |
| GEDDERTS' TWISTARS USA ) | |
| GYMNASTICS CLUB, INC., TWISTARS ) | |
| USA, INC., JOHN GEDDERT, KATHRYN ) | |
| GEDDERT, DONALD PETERS, ) | |
| SOUTHERN CALIFORNIA ACRO TEAM, ) | |
| INC., BMK PARTNERS LTD, BMK ) | |
| TRAINING FACILITIES, LTD., KAROLYI ) | |
| TRAINING CAMPS, LLC, BELA ) | |
| KAROLYI, MARTHA KAROLYI, ) | |
| KAROLYI'S ELITE, KAROLYI WORLD ) | |
| GYMNASTICS INC., RICHARD ) | |
| CARLSON, and WORLD SPORT ) | |
| CHICAGO, ) | |
| Defendants. ) | |
| ------------------------------------------------------) | |

### DEFENDANT RICHARD CARLSON'S OMNIBUS MOTION SEEKING RECONSIDERATION AND TO DISMISS THE PLAINTIFF'S COMPLAINT

**NOW COMES,** defendant Richard Carlson ("Defendant" and/or "Carlson") and respectfully moves, pursuant to Federal Rules of Civil Procedure Rule 59(e), made applicable by Federal Rules of Bankruptcy Procedure Rule 9023, this Honorable Court to alter, amend, vacate and/or reconsider its Order entered April 29, 2019, pursuant to 11 U.S.C. §105 enjoining the continued prosecution of certain pre-petition lawsuits (Case No. 19-50075 - Dkt. # 72) and,

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

☒ ENVELOPE NOT PROVIDED
☒ COPIES NOT PROVIDED

pursuant to Federal Rules of Civil Procedure, Rules 12(b)(1),(2),(4),(5) and (6), that this Honorable Court dismiss all claims insofar as asserted against Carlson by Debtor/Plaintiff USA Gymnastics in its complaint. (Case No. 19-50075 - Dkt # 1)

As grounds for this Motion, Defendant Carlson appearing pro se with the assistance of New York Counsel states as follows:

## PRELIMINARY STATEMENT

1. Since the filing of Carlson's objection (Case No. 19-50075 - Dkt # 46) to Debtor/Plaintiff USA Gymnastics' motion seeking a preliminary injunction (Case No. 19-50075 – Dkt. #'s 5 & 6) Debtor/Plaintiff's response thereto (Case No. 19-50075 - Dkt # 54) and this Court's Order granting a preliminary injunction entered April, 22, 2019 (Case No. 19-50075 - Dkt # 72) the April 29, 2019 bar date has passed (Case No. 18-09108-RLM-11, Dkt. #301) without Carlson filing and/or asserting "indemnification claims against USAG or claims against USAG's insurance policies"

2. The Debtor/Plaintiff put forth a rational for not enjoining Michigan State University ("MSU") that directly parallels the facts Carlson has set forth:

> "As to the argument that MSU should be enjoined, MSU is not demanding indemnification from USAG or making claims under USAG's insurance policies; MSU also has settled much of the pending litigation against it, and it is not threatening to drag USAG into discovery."

(Case No. 19-50075 - Dkt # 54 at pages 8-9)

3. Accordingly, inasmuch as the April 29, 2019 bar date has passed and Carlson, like MSU, is not demanding indemnification from USAG or making claims under USAG's insurance policies and waives any claim to do so and is not seeking discovery from USAG the continuance

of the Carlson Lawsuit[2] will not endanger USAG's restructuring effort and, as such, this Court must reconsider its decision in issuing a preliminary injunction as it pertains to Carlson.

## BACKGROUND

4.    Debtor/Plaintiff USA Gymnastics ("USAG" and/or "Debtor/Plaintiff") filed a voluntary petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") before the United States Bankruptcy Court for the Southern District of Indiana, Case No. 18-09108-RLM-11, Dkt. #1.

5.    Prior to filing bankruptcy it appears USAG was named in hundreds of lawsuits asserting "…claims against USAG including, *inter alia*, negligent hiring, negligent retention, negligent supervision, negligent failure to warn, train, or protect, intentional infliction of emotional distress, fraud, and violations of the Racketeering Influenced Corrupt Organizations Act" stemming from the sexual abuse of hundreds of gymnasts inflicted by Larry Nassar, a convicted serial child molester who was a USAG national team doctor and a former osteopathic physician at Michigan State University. (Case No. 19-50075 - Dkt. # 5 at ¶2)

6.    On March 29, 2019 USAG filed a complaint seeking a permanent injunction (Case No. 19-50075 - Dkt # 1) and a motion seeking a preliminary injunction (Case No. 19-50075 – Dkt. #'s 5 & 6) seeking to enjoin, for the duration of USAG's chapter 11 case, certain pre-petition lawsuits pending against the above-captioned defendants. (collectively, the "Stay Defendants")

7.    On April 2, 2019 a Summons was issued. (Case No. 19-50075 - Dkt. # 9)

---

[2] Although referred to as the Carlson Lawsuit the action was commenced by Marcia Frederick, ("Ms. Frederick") in the United States District Court, District Of Massachusetts against Carlson, USAG and others. (1:18-cv-11299-IT)

8. On April 11, 2019, Carlson objected to USAG's request for a preliminary injunction, asserting, *inter alia*, that Debtor/Plaintiff failed to serve Carlson with the complaint or the motion seeking a preliminary injunction and that USAG failed to demonstrate a preliminary injunction was warranted. (Case No. 19-50075 - Dkt. # 46)

9. In response to Carlson's objection, Debtor/Plaintiff alleged that "USAG served a copy of the Complaint, Motion, Memorandum, and Summons on Mr. Carlson's attorneys who it had been negotiating with over the terms of the stay." (Case No. 19-50075 – Dkt. # 54 at page 15)

10. Further, as readily admitted by Debtor/Plaintiff, it was not until "…on April 15, 2019, [four (4) days after Carlson served his objection] USAG served, by overnight mail, a copy of the Complaint, Motion, Memorandum, Summons, Order setting the hearing on the Motion, and notice of that Order, on Mr. Carlson at the address given in the Carlson Objection." (Case No. 19-50075 - Dkt # 54 at page 15)

11. As will be demonstrated below, service upon Carlson's attorneys who have not appeared in this adversary proceeding or even in the bankruptcy case is insufficient to acquire personal jurisdiction over Carlson and service of the Summons issued on April 2, 2019 by overnight delivery service on April 15, 2019 is a nullity.

12. Further, Debtor/Plaintiff's Complaint fails to establish USAG has the standing to sue and Debtor/Plaintiff's Complaint fails to state a claim against Carlson.

13. Accordingly, it is respectfully submitted, this Honorable Court must reconsider its decision in issuing a preliminary injunction as it pertains to Carlson and must dismiss Debtor/Plaintiff's Complaint insofar as asserted against Carlson.

## THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER RICHARD CARLSON

14. Under Federal Rules of Bankruptcy Procedure Rule 7004(f), a court has personal jurisdiction over a defendant if three requirements are met: (1) service of process has been made in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure or Fed. R. Civ. P. 4; (2) the action is "a case under the Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code"; and (3) "exercise of jurisdiction is consistent with the Constitution and the laws of the United States."

## DEBTOR/PLAINTIFF'S SERVICE OF PROCESS IS INSUFFICIENT

15. "Valid service of process is necessary in order to assert personal jurisdiction." In re Smith, 111 F.3d 133 at *1 (7th Cir. 1997)

16. Federal Rules of Civil Procedure Rule 4(a), made applicable by Federal Rules of Bankruptcy Procedure Rule 7004(a)(1), describes the necessary contents of a summons. Among other things, a summons "must: (A) name . . . the parties" and "(B) be directed to the defendant." *See*, Fed. R. Civ. P. 4(a)(1)(A), (B); O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1399 (7th Cir. 1993)

17. Fed. R. Civ. P. 4(b), made applicable by Fed. R. Bankr. P. 7004(a)(1), concerns the issuance of a summons. In actions with multiple defendants, "[a] summons – or a copy of a summons that is addressed to multiple defendants – must be issued for each defendant to be served." *See*, Fed. R. Civ. P. 4(b); Shipley v. Cooney & COnway Creditors (In re C.P. Hall Co.), 506 B.R. 751, 756 (Bankr. N.D. Ill. 2014)

18. Further, Fed. R. Bankr. P. 7004(e) provides in relevant part: "[s]ervice made under Rule 4(e), (g), (h)(1), (i), or (j)(2) F.R.Civ.P. shall be by delivery of the summons and

Page **5** of **15**

complaint within 7 days after the summons is issued. If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 7 days after the summons is issued. If a summons is not timely delivered or mailed, another summons will be issued for service."

19. According to the Clerk's docket, a Summons was issued on April 2, 2019. (Case No. 19-50075 - Dkt. # 9)

20. On April 11, 2019 Carlson objected to USAG's request for a preliminary injunction and asserted, *inter alia*, "Carlson objects to the jurisdiction of this Court insofar as Carlson has not been served with Debtor/Plaintiff USA Gymnastics' complaint or motion...." (Case No. 19-50075 - Dkt. # 46 at ¶1)

21. Once challenged, as Carlson's objection did and as here, the burden of establishing personal jurisdiction lies with Debtor/Plaintiff, the party asserting it. *See generally*, Nelson v. Park Indus., 717 F.2d 1120, 1123 (7th Cir. 1983) ["...the burden of proof rests on the party asserting jurisdiction..."]

22. In reply to Carlson's objection, Debtor/Plaintiff claimed "USAG served a copy of the Complaint, Motion, Memorandum, and Summons on Mr. Carlson's attorneys" (Case No. 19-50075 - Dkt. # 54 at page 15) but fails to identify said attorneys or allege when this occurred and regardless absent a showing of the attorneys' actual authority to receive service, an attorney will not be deemed an appointee for service of a lawsuit on behalf of his or her client simply by virtue of his or her role as an attorney. *See*, Shipley v. Abrams (In re C.P. Hall Co.), 513 B.R. 546, 550 (Bankr. N.D. Ill. 2014) ["A party's attorney is not an agent for purposes of service merely because of his status as attorney."]

23. USAG, the party asserting jurisdiction, has made no showing whatsoever that the attorneys USAG purportedly served with "a copy of the Complaint, Motion, Memorandum, and Summons" had actual authority to receive service on behalf of Carlson nor did USAG even suggest that said attorneys claimed that they would accept service on behalf of Carlson. (Case No. 19-50075 - Dkt # 54)

24. Further, Fed. R. Bankr. P. 7004(e) specifically requires that the summons and complaint be deposited in the mail within seven (7) days after the summons is issued.

25. Here the purported service of the Summons and Complaint upon Carlson by overnight delivery service on April 15, 2019 (Case No. 19-50075 - Dkt. # 52) is clearly more than seven (7) days after issuance of the Summons on April 2, 2019. (Case No. 19-50075 - Dkt. # 9)

26. Thus, service of an expired summons is a nullity and insufficient to subject Carlson to the Court's jurisdiction. *See*, Menges v. Menges (In re Menges), 337 B.R. 191, 194 (Bankr. N.D. Ill. 2006) ["Service of a stale summons is no service at all."]

27. Moreover, Carlson is not named in the Summons. The Summons identifies the "Defendants" as "Gedderts' Twistars USA Gymnastics Club, Inc., Twistars USA, Inc., John Geddert, et al.," (Case No. 19-50075 - Dkt. # 9) This was insufficient with respect to Carlson who is not named in the Summons.

28. In other words, a defendant who is not named in the summons has not effectively been served and the service of process on that defendant, as well as the process itself, is therefore insufficient. *See*, Bavelis v. Doukas (In re Bavelis), 453 B.R. 832, 861 (Bankr. S.D. Ohio 2011) ["…the failure to specifically name each of the Qureshi Defendants in a summons resulted in an

insufficiency in process under Civil Rule 12(b)(4) as well as an insufficiency in the service of process under Civil Rule 12(b)(5)."]

29.     Fed. R. Bankr. P. 7004(e) provides in part: "If a summons is not timely delivered or mailed, another summons will be issued for service" and there is no indication that Debtor/Plaintiff requested that an alias summons be issued.

30.     Accordingly the failure to specifically name Carlson in a summons resulted in an insufficiency in process under Rule 12(b)(4) as well as an insufficiency in the service of process under Rule 12(b)(5) and regardless service of an expired summons is a nullity and insufficient to subject Carlson to the Court's jurisdiction therefore Debtor/Plaintiff failed to acquire personal jurisdiction over Carlson. Rule 12(b)(2)

## PLAINTIFF/DEBTOR'S COMPLAINT

31.     As noted above, Debtor/Plaintiff filed a complaint on March 29, 2019 (Case No. 19-50075 - Dkt # 1) and a motion seeking a preliminary injunction (Case No. 19-50075 – Dkt. #'s 5 & 6) seeking to enjoin, for the duration of USAG's chapter 11 case, certain pre-petition lawsuits pending against the above-captioned defendants.

32.     Debtor/Plaintiff's Complaint seeks a permanent injunction staying Carlson and others from the prosecution and defense of certain lawsuits identified in the Complaint. (Case No. 19-50075 - Dkt # 1)

33.     Debtor/Plaintiff claims the Twistars Stay Defendants tendered their defense of the Twistars Stay Defendants' Lawsuits and sought indemnification under USAG's insurance policies issued by Combined Specialty Insurance Company/Virginia Surety Company, Great American Insurance Group and K&K Insurance Group, Inc. (Case No. 19-50075 - Dkt # 1 at ¶20)

34. Debtor/Plaintiff claims the Karolyi Stay Defendants allege that they are named as additional insureds under USAG's insurance policies and are claiming to be entitled to full and complete indemnification from USAG. (Case No. 19-50075 - Dkt # 1 at ¶21)

35. Debtor/ Plaintiff claims that if the Stay Defendants' lawsuits continue, USAG will most likely be required to participate so as to protect its interests, thereby negating the benefits of the automatic stay and taking away the breathing room afforded to USAG to attempt to negotiate a consensual settlement and Chapter 11 Plan (Case No. 19-50075 - Dkt # 1 at 23) and the continuance of the Stay Defendants' Lawsuits threatens to deplete the most significant source of assets available to fund a Chapter 11 Plan: USAG's insurance coverage. (Case No. 19-50075 - Dkt # 6 at page 6)

36. USAG's claimed need for an injunction staying Carlson from the prosecution and defense of the Carlson Lawsuit is without merit.

37. The totality of USAG's argument for the need to stay the Carlson Lawsuit is that "The other Stay Defendants *may have*, on information and belief, made claims against USAG's insurance policies and may make claims for indemnification against USAG." (Case No. 19-50075 - Dkt # 1 at ¶22) (emphasis added)

38. In opposition to Carlson's objection, USAG readily admits that Carlson has made no claim for indemnification and instead argues that Carlson *may* in the future seek indemnification under USAG's insurance policies. (Case No. 19-50075 - Dkt # 54 at page 13)

39. By Order entered April, 22, 2019 this Court granted Debtor/Plaintiff's request for a preliminary injunction. (Case No. 19-50075 - Dkt # 72)

40. Since the filing of Carlson's objection to USA Gymnastics' motion seeking a preliminary injunction and Debtor/Plaintiff's response thereto the April 29, 2019 bar date has

passed without Carlson filing and/or asserting "indemnification claims against USAG or claims against USAG's insurance policies..." the very reason Debtor/Plaintiff gave for not enjoining Michigan State University.

## DEBTOR/PLAINTIFF LACKS THE STANDING TO SUE

41. Article III of the Constitution requires that a complaint set forth a case or controversy to invoke the judicial power of the federal courts, which have no authority to render advisory opinions. A core component of the case-or-controversy requirement is that a plaintiff must have standing to sue. Standing requires more than just a keen interest in the issue. It requires allegations, and, eventually, proof, that the plaintiff personally suffered a concrete and particularized injury in connection with the conduct about which he complains. The three elements of standing are: "(i) an injury in fact, which is concrete and particularized and, thus, actual or imminent, not conjectural or hypothetical; (ii) a causal relationship between the injury and the challenged conduct, such that the injury can be fairly traced to the challenged action of the defendant; and (iii) a likelihood that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992).

42. Debtor/Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing standing. Wis. Right to Life, Inc. v. Schober, 366 F.3d 485, 489 (7th Cir. 2004) ["...the party invoking federal jurisdiction, bears the burden of establishing standing"]

43. In order to have standing to seek injunctive relief, "a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury" Summers v. Earth Island Inst., 555 U.S. 488, 493, 129 S. Ct. 1142, 1149

(U.S., 2009); Simic v. City of Chicago, 851 F.3d 734, 738 (7th Cir. 2017) ["To have standing for prospective injunctive relief, a plaintiff must face a 'real and immediate' threat of future injury as opposed to a threat that is merely 'conjectural or hypothetical.'"]

44. Debtor/Plaintiff's complaint seeking a permanent injunction like its motion for a preliminary injunction is based upon pure conjecture, that being; Carlson *may* seek indemnification from USAG or claims against USAG's insurance policies.

> "Although the SCATS Stay Defendants and Carlson have not, to date, asserted indemnification claims against USAG or claims against USAG's insurance policies, they also have not waived those arguments, and may ultimately attempt to assert such claims if they do not prevail in their litigation."

(Case No. 19-50075 - Dkt # 54)

45. USAG is not under threat of suffering an "injury in fact" "that is concrete and particularized" from the continuance of the Carlson lawsuit USAG's claims are merely "conjectural or hypothetical" contending only that Carlson *may* assert indemnification claims against USAG or claims against USAG's insurance policies which is insufficient to establish it has standing to sue.

46. As argued by Debtor/Plaintiff "[t]he Debtor's insurance policies are property of the Debtor's estate. *Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 748 (7th Cir. 1989)" and inasmuch as the April 29, 2019 bar date has passed and Carlson, like MSU, is not demanding indemnification from USAG or making claims under USAG's insurance policies and waives any claim to do so the continuation of the Carlson Lawsuit will not effect what USAG's insurance carriers are prepared to pay to resolve the claims against USAG.

47. Accordingly, Debtor/Plaintiff cannot plead facts that it is under threat of suffering an "injury in fact" "that is concrete and particularized" from the continuance of the Carlson lawsuit.

48. It is respectfully submitted, Debtor/Plaintiff's Complaint must be dismissed for Debtor/Plaintiff's failure to establish it has the standing to sue.

### DEBTOR/PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM

49. Rule 12(b)(6) is made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7012, provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court's function is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994).

50. In Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) the Supreme Court clarified what constitutes a "well-pleaded fact" for purposes of a Rule 12 analysis. A pleader is not required to set forth "detailed factual allegations," but must offer more than "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." Iqbal, 129 S.Ct. at 1949.

51. The cases make clear that it is facts, not conclusions, that must be pled; "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," including "legal conclusion[s] couched as a factual allegation." Id. at 1949—50. Moreover, the facts pled must demonstrate a "plausible" claim, that is, one in which the pleader has shown more than just an abstract "possibility" that the defendant has engaged in actionable misconduct. Id. One way in which the Court might conduct its analysis is to "identify[

] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and disregard them. Then, faced with only well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

52. The totality of USAG's argument for the need to stay the Carlson Lawsuit is that "The other Stay Defendants may have, on information and belief, made claims against USAG's insurance policies and may make claims for indemnification against USAG."

53. Debtor/Plaintiff's complaint fails to pled any facts regarding Carlson to support its claimed need for a permanent injunction and in response to Carlson's objection readily admitted that Carlson has not asserted indemnification claims against USAG or claims against USAG's insurance policies. (Case No. 19-50075 - Dkt # 54)

54. Carlson's waiving of indemnification from USAG and a claim against USAG's insurance policies substantively distinguishes Carlson from the Twistars Stay Defendants and the Karolyi Stay Defendants who, upon information and belief, are claiming to be entitled to full and complete indemnification from USAG. (Case No. 19-50075 - Dkt # 1 at ¶¶20 & 21)

55. Further, as a matter of law the Carlson lawsuit has been stayed insofar as asserted against USAG by operation of the automatic stay provisions of 11 U.S.C. §362. (*See*, Civil Action No: 1:18-cv-11299-IT, Dkt. # 69) and, as such, Debtor/Plaintiff has not and cannot plead any facts to support its claimed need for a permanent injunction as there is no treat of USAG being drag into discovery.

56. Accordingly, inasmuch as Carlson has not and will not make any claim against USAG's insurance policies or claim for indemnification from USAG, the continuance of the Carlson Lawsuit will not endanger USAG's restructuring effort.

## THE CARLSON LAWSUIT

57.     On October 26, 2018, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), Carlson moved to dismiss Ms. Frederick's claims in the First Amended Complaint insofar as asserted against him in that Ms. Frederick failed to demonstrate that the Court has personal jurisdiction over Carlson, Ms. Frederick's claims insofar as asserted against Carlson are based on events that Ms. Frederick's alleges occurred from late 1978 through 1980 and, as such, are barred by the applicable statutes of limitations and Ms. Frederick's First Amended Complaint fails to satisfy the pleading requirements of Federal Pleadings. (*See*, Civil Action No: 1:18-cv-11299-IT, Dkt. #'s 48, 49 & 78)

58.     On or about December 23, 2018 Carlson's motion to dismiss was fully submitted and Carlson is anxiously awaiting the Court's decision.

59.     Apart from the other Stay Defendants, Carlson's motion seeking dismissal of Mrs. Frederick's claims as barred by the applicable statutes of limitations is case dispositive and will not require Debtor/Plaintiff's further participation.

## CONCLUSION

60. For all of the foregoing reasons, Defendant Carlson respectfully requests this Honorable Court reconsider its decision and vacate the preliminary injunction insofar as it pertains to the Carlson Lawsuit and dismiss all claims insofar as asserted against Carlson by Debtor/Plaintiff USA Gymnastics or at a minimum alter and/or amend the preliminary injunction so as to allow the District Court to render its decision on Carlson's motion to dismiss.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: May 4, 2019

Respectfully submitted,

*[signature]*
RICHARD CARLSON
5 Michel Avenue
Farmingdale, New York 11735
Tel: (516) 972-5374

Sworn to before me this
4th day of May, 2019
*[signature]*
NOTARY PUBLIC

Brice Belford
Notary Public, State of New York
No:01BE6151819
Qualified in Suffolk County
Commission Expires: 02/11/20

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| USA GYMNASTICS,[1] | ) | |
| | ) | Case No. 18-09108-RLM-11 |
| Debtor. | ) | |
| | ) | |
| ---------------------------------------------------------- | ) | |
| | ) | |
| USA GYMNASTICS, | ) | |
| | ) | Adv. Proceeding No. 19-50075 |
| Plaintiff, | ) | |
| | ) | |
| GEDDERTS' TWISTARS USA GYMNASTICS CLUB, INC., TWISTARS USA, INC., JOHN GEDDERT, KATHRYN GEDDERT, DONALD PETERS, SOUTHERN CALIFORNIA ACRO TEAM, INC., BMK PARTNERS LTD, BMK TRAINING FACILITIES, LTD., KAROLYI TRAINING CAMPS, LLC, BELA KAROLYI, MARTHA KAROLYI, KAROLYI'S ELITE, KAROLYI WORLD GYMNASTICS INC., RICHARD CARLSON, and WORLD SPORT CHICAGO, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| ---------------------------------------------------------- | ) | |

**CERTIFICATE OF SERVICE**

STATE OF NEW YORK  )
                                    ) ss.:
COUNTY OF NASSAU  )

   I, James Moran, being duly sworn, deposes and says under the penalties of perjury as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 7871. The location of the Debtor's principal office is 130 E. Washington Street, Suite 700, Indianapolis, Indiana 46204.

Page **1** of **3**

1. That I am not a party to the above captioned action, I am over 18 years of age and reside in the State of New York.

2. That on May 4, 2019, a copy of the Defendant Richard Carlson's Omnibus Motion Seeking Reconsideration And To Dismiss The Plaintiff's Complaint was served via first-class U.S. Mail, postage prepaid and properly addressed, to the following:

To: **JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, Illinois 60654
Tel: (312) 222-9350
Counsel for the Debtor/Plaintiff USA GYMNASTICS

**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
-and-
**RUBIN & LEVIN, P.C.**
135 N. Pennsylvania Street, Suite 1400
Indianapolis, IN 46204
Tel: (317) 634-0300
Counsel for the Sexual Abuse Survivors' Committee

**STEVENSON & BULLOCK, P.L.C.**
26100 American Drive, Suite 500
Southfield, MI 48034
Tel: (248) 354-7906
- & -
**ZAUSMER, AUGUST & CALDWELL, P.C.**
32255 Northwestern Hwy., Suite 225
Farmington Hills, MI 48334
Tel: (248) 851-4111
Counsel for Gedderts' Twistars USA Gymnastics Club, Inc., Twistars USA, Inc., John Geddert, Kathryn Geddert (collectively, the "Twistars Defendants")

**MATTINGLY BURKE COHEN & BIEDERMAN LLP**
155 East Market Street, Suite 400
Indianapolis, Indiana 46204
Tel: (317) 664-7172
Counsel for Bela Karolyi, Martha Karolyi, Karolyi Training Camps, LLC, BMK Partners Ltd., BMK Training Facilities, Ltd. (collectively, the "**Karolyi Parties**")

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
55 W. Monroe Street, Suite 3800
Chicago, IL 60603
Tel: (312) 821-6151
Counsel for Southern California Acro Team

**Wilson, Elser, Moskowitz, et al.**
555 S. Flower St., Ste. 2900
Los Angeles, CA 90071-2407
Counsel for Donald Peters

**U.S. Trustee**
Office of U.S. Trustee
101 W. Ohio St.. Ste. 1000
Indianapolis, IN 46204

Dated: May 4, 2019

_____
James Moran

Sworn to before me this
4th day of May, 2019

_____
NOTARY PUBLIC

```
KIERAN R. KIRK
Notary Public, State of New York
Registration #01KI6341903
Qualified In Nassau County
Commission Expires July 5, _____
```